UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EBO INTERNATIONAL INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>CHARLES HSU,<br><br>  Defendant. | Civil Action No. 1:20-cv-12295<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

1. Plaintiff EBO International Inc. ("EBO International") brings this complaint against Defendant Charles Hsu ("Hsu" or "Defendant") for breach of contract, unjust enrichment, promissory estoppel and a violation of Mass. General Laws Chapter 93A. In 2016, Hsu agreed to repay to the Company's predecessor, EBO USA, Inc. ("EBO"), approximately $992,000, which represented funds Hsu had misappropriated from EBO USA while acting as President and CEO of EBO USA. In accordance with that agreement, Hsu made a payment of approximately $700,000 in 2016. He has since that time failed to pay the balance. Earlier this year, Hsu acknowledged his continued obligation to pay $300,000 to the Company, but, despite repeated efforts and a demand letter from the Company, he had refused to do so. Accordingly, the Company brings this complaint seeking recovery of the $300,000, plus interest, Hsu owes.

**Parties**

2. Plaintiff EBO International is a British Virgin Islands corporation with its principal place of business in Austin, Texas. Plaintiff is the successor and assignee to all the legal rights, assets and claims previously held by EBO USA, Inc., a Massachusetts corporation ("EBO"). EBO

1

International, like its predecessor, EBO, is in the business of investing in emerging technologies in various industries, such as healthcare and artificial intelligence.

3. Defendant Hsu is, upon information and belief, a resident of Cambridge, Massachusetts.

**Jurisdiction and Venue**

4. This court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity).  Plaintiff is a foreign citizen with a principal place of business in Texas and the amount in dispute exceeds $75,000.  Defendant is, upon information and belief, a citizen of Massachusetts.

5. Venue is proper pursuant to 28 U.S.C. § 1391, since Defendant in this action resides, upon information and belief, in Massachusetts.

**Background**

6. At all times relevant to this complaint, EBO was in the business of investing in startup technology companies.  Hsu was President and CEO of EBO from its inception until 2016.  While in that position, Hsu was responsible for identifying potential startups for investment.  Hsu also owed fiduciary duties to EBO and its shareholders to act in the best interests of EBO.

7. From 2012 through 2015, Hsu, while acting as CEO of EBO diverted approximately $1 million of EBO (i.e., corporate) funds for his own personal use.  Specifically, Hsu used EBO funds to make investments in his own name and for his own personal purposes in various startup companies.  He did not make the investments for EBO or any other affiliated company.  Hsu's actions violated of multiple laws, including Hsu's legal obligations to EBO.

8. In or about 2016, EBO learned about Hsu's misappropriation of the $1 million and confronted Hsu about his conduct. Hsu admitted his conduct and agreed to pay $922,000 to EBO.

9. In accordance with that agreement, Hsu paid $700,000 to EBO in 2016. This payment was a partial payment only and at no time was the payment considered, by Hsu or EBO, a full payment of what Hsu owed under the agreement.

10. Hsu has since that time failed to pay the remaining amount owed.

11. Hsu has both admitted and agreed that he owes a balance of $300,000 to Plaintiff. For example, in February 2020, Hsu sent an email to a representative of Plaintiff in which he stated, *inter alia*:

> After careful review of what I still owe the management while I am still in my hospital bed (severe flu but NOT the novel coronavirus), I recall that I still owe $300k (not $271,875) to the management since I originally promised to personally pay back every dollar that I helped to invest. I personally shall pay back this $300k.

12. Despite admitting he owed the $300,000, Hsu has failed to pay it.

13. On September 30, 2020, Plaintiff sent a demand letter to Hsu seeking repayment of the $300,000, plus interest, for a total of $444,000. The letter was also sent in accordance with Chapter 93A.

14. Hsu has failed to respond to the letter and has otherwise refused to have any further communications with Plaintiff regarding the amounts owed.

## COUNT I
## Breach of Contract

15. Plaintiff realleges and incorporates paragraphs 1-14 as if fully set forth herein.

16. Plaintiff and Hsu entered into a valid and enforceable agreement pursuant to which Hsu agreed to repay $922,000 to Plaintiff.

17. Defendant has acted in breach of that agreement by failing to pay $300,000 of what was owed under that agreement.

18. Plaintiff has been damaged as a result of that breach in an amount of $300,000 plus interest.

## COUNT II
## Unjust Enrichment

19. Plaintiff realleges and incorporates paragraphs 1-18 as if fully set forth herein.

20. From 2012 to 2015, Defendant used his position as CEO to use Plaintiff's funds to make investments on Hsu's own account for $1 million.

21. In or about 2016, Defendant obtained a benefit from the Plaintiff pursuant to which Hsu agreed to repay $922,000.

22. Defendant has only paid Plaintiff part of the funds back, and has retained approximately $300,000 of Plaintiff's funds.

23. Due to his failure to return the $300,000, Defendant has been unjustly enriched and it would be inequitable to permit Defendant to retain those funds.

24. Plaintiff is therefore entitled, under the principles of unjust enrichment to return of the $300,000 plus interest.

## COUNT III
## Promissory Estoppel

25. Plaintiff realleges and incorporates paragraphs 1-24 as if fully set forth herein.

26. In or about 2016, Hsu promised to repay Plaintiff $922,000 in exchange for Plaintiff's forbearance of bringing claims against Hsu for misappropriation of $1 million of Plaintiff's funds.

27. Plaintiff did in fact rely on that promise and did not otherwise pursue its claims against Defendant.

28. Defendant failed to pay the promised amount.

29. Plaintiff has been damaged in an amount of no less than $300,000 as a result of Defendants failure to pay the promised amount.

## COUNT IV
## Violation of Mass. Gen. L. Chapter 93A, Sections 2, 11

30. Plaintiff realleges and incorporates paragraphs 1-29 as if fully set forth herein.

31. Plaintiff and Defendant were involved in trade or commerce as that term is used in Massachusetts Gen. L. Chapter 93A, Sections 2 and 11.

32. Defendant's conduct, both in misappropriating Plaintiff's funds and in falsely promising to repay the full amount, constituted unfair or deceptive trade acts or practices within the meaning of Mass Gen. L. Chapter 93A, Sections 2 and 11.

33. Defendant's conduct occurred primarily and substantially in Massachusetts.

34. Plaintiff sent a demand letter to Plaintiff more than 30 days ago and the Plaintiff failed to respond.

35. Defendant's unfair and deceptive acts and practices are knowing and willful, this entitling Plaintiff to recover treble damages and attorney's fees pursuant to Mass. Gen. L. Chapter 93A, Section 2 and 11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Enter judgment in its favor and against Defendant on all Counts of the Complaint;

2. Award Plaintiff all damages it sustained as a result of Defendant's conduct pursuant to Counts I - IV, including without limitation an amount equal to the $300,000 Defendant has failed to pay, plus interest;

3. Award Plaintiff treble damages and attorneys' fees, costs and pre-and post-judgment interest; and

4. Grant such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so properly triable.

Respectfully submitted,

/s/ Jack W. Pirozzolo

Jack W. Pirozzolo, BBO #564879
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Tel: (617) 223-0300
jpirozzolo@sidley.com

Dated: December 29, 2020